I respectfully dissent. I would affirm the trial court's judgment because summary judgment for Metropolitan was warranted on the set-off issue. The underinsurance coverage section of the Metropolitan policy provided:
REDUCTIONS
 Any amount payable to any person under this section will be reduced by any amount that person:
* * *
 is paid under the Automobile Liability Coverage section of this policy.
According to the terms of the policy, underinsurance coverage was only available if the uninsured coverage limits exceeded Wetterau's recovery of liability coverage. Because Wetterau had already recovered the $100,000 policy limits in liability coverage, she did not qualify for underinsurance coverage under the policy.
The REDUCTIONS provision comports with the terms of R.C.3937.18(A)(2), as amended effective October 20, 1994, which provides, in relevant part:
 Underinsured motorist coverage * * * shall provide protection for insureds thereunder * * * suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
(Emphasis added.)
At the time it enacted the 1994 amendments to R.C.3937.18(A)(2), the general assembly expressed its intent as follows:
 SECTION 7. It is the intent of the General Assembly in amending division (A)(2) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in the October 1, 1993 decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage.
 SECTION 8. It is the intent of the General Assembly in amending division (A)(2) of section 3937.18 of the Revised Code to declare and confirm that the purpose and intent of the 114th General Assembly in enacting division (A)(2) of section 3937.18 in Am. H.B. 489 was, and the intent of the General Assembly in amending section 3937.18 of the Revised Code in this act is, to provide an offset against the limits of the underinsured motorist coverage of those amounts available for payment from the tortfeasor's bodily injury liability coverage.
As the general assembly explicitly stated its intent that the amended R.C. 3937.18(A)(2) be applied retroactively to supercede the effect of Savoie, I would apply the amended R.C.3937.18(A)(2) to this case. Therefore, the policy's REDUCTIONS provision is enforceable. Because that provision requires that underinsurance coverage be reduced by the amount Wetterau had already received under the liability coverage of the policy, no underinsurance coverage was available to Wetterau. Summary judgment for Metropolitan was proper.